IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jennifer White, | ) | Civil Action No.: 6:13-1935-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Jennifer White ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On September 3, 2014, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 21.) The plaintiff filed Objections on September 19, 2014 (ECF No. 26), and on October 7, 2014, the Commissioner filed a Reply (ECF No. 27). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 33 years old on her alleged disability date and 37 years old on the date of the administrative law judge's ("ALJ") decision. (R. at 12, 136, 140.) The plaintiff's application was denied initially (R. at 98-98, 111-115, 431-452) and on reconsideration. (R. at 99-102, 119-122, 686-699, 703-710.) A hearing was held before an ALJ who issued an unfavorable decision on February 28, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 12-28.) The Appeals Council denied the plaintiff's request for review (R. at 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on July 15, 2013 (ECF No. 1).

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 25 at 37.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

2

as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

3

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on September 21, 2014 (ECF No. 26), and the Commissioner filed a non-substantive reply on October 7, 2014 (ECF No. 27). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to evaluate past relevant work and (2) failure to properly assess her mental impairments. The Court will consider each specific objection in turn.[1]

As the defendant replies, the plaintiff has mostly repeated her original appeal now on objection. The recommendation of the magistrate judge ably meets it. But, the Court would briefly address each specific objection.

First, the plaintiff contends that the magistrate judge has accepted a post-hoc

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

4

rationalization in affirming the ALJ's view that the plaintiff could perform the work of "administrative clerk" as that job is generally performed. *See* DOT 219.362-010, 1991 WL 671953. The plaintiff contends that the ALJ failed to expressly analyze whether the plaintiff's prior work might better have been characterized as "administrative assistant." *See* DOT 169.167-010, 1991 WL 647424. The plaintiff, therefore, complains insofar as the magistrate judge, at the defendant's invitation, made a kind of independent analysis of whether the plaintiff's past relevant work meets the definition of "administrative assistant."

There is no error. The magistrate judge principally affirmed, as based on substantial evidence, the ALJ's conclusion that the plaintiff's past work met the description of administrative clerk, DOT 219.362-010, 1991 WL 671953. (R. at 33-35.) The Court will not repeat it here. The magistrate judge's additional consideration of the administrative assistant description was not necessary to that recommendation. And, the undersigned could hardly consider it post-hoc, regardless. The ALJ did reject a characterization of the plaintiff's past relevant work as "administrative assistant." (R. at 26.) The plaintiff self-identified as such. *Id.*

Maybe more critically, as both parties admit, the ALJ was not obligated to consult a vocational expert to decide between the two occupations. *See* SSR 82-61; (ECF No. 16 at 28.) The suggestion of SSR 82-61 that when jobs have elements of 2 or more different occupations, vocational assistance may be needed, is precisely that – a suggestion. It is necessarily permissive. *See Lopez v. Comm'r of Soc. Sec.*, 270 F. App'x 119, 123 (3d Cir.2008) ("At step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ.") (citing 20 C.F.R. § 404.1560(b)(2)); *see also* SSR 82–62 ("[I]n some cases, supplementary or corroborative information from other

5

sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy" should be carefully appraised). Moreover, the plaintiff was required to show that she was incapable of performing the job as she actually performed it or *as it is generally performed in the national economy*. 20 C.F.R. § 404.1560(b)(2); SSR 82-62, 1982 WL 31386; *see also DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983) (finding the plaintiff must demonstrate an inability to return to her past occupation, not merely an inability to return to her "specific prior job."). SSR 82-61 explains that the Dictionary of Occupational Titles ("DOT") descriptions of jobs "can be relied upon . . . to define the job as it is usually performed in the national economy. [] It is understood that some individual jobs may require somewhat more or less exertion than the DOT description." *See* SSR 82-61, 1982 WL 31387. Thus, it is immaterial whether the plaintiff's job as she actually performed it required lifting of up to 50 pounds, as the plaintiff emphasizes, since the ALJ found that she could perform the job of administrative clerk as it "is generally performed." (R. at 27.)

The magistrate judge's recommendation did not turn on a post-hoc rationalization and the ALJ had substantial evidence to conclude that the plaintiff could perform work as an administrative clerk.

The plaintiff also complains that the magistrate judge was wrong to affirm the ALJ's determination that her mental impairments were non-severe and to conclude that the ALJ had considered such mental impairments in combination with all other impairments. The Court has reviewed the magistrate judge's reasoning and it is adequate in both respects.

The Court would say a little more with respect to the latter. The undersigned is comfortable that the ALJ's findings and analysis, taken in total, indicate that he considered

6

the plaintiff's impairments in combination, as required, including her mental impairments. After finding severe impairments at step two, the ALJ specifically made a finding regarding the combined effects of the plaintiff's impairments at step three.  (R. at 20.)  Then, "after careful consideration of the entire record," the ALJ held that the plaintiff retained the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(a), except that she was additionally limited to frequent balancing, kneeling, crouching, and climbing of ramps and stairs; occasional crawling and stooping; no climbing of ladders, ropes, or scaffolds; and avoidance of concentrated exposure to hazards.  (R. at 20-21). In making these findings, the ALJ found that the plaintiff had a "severe combination of multiple impairments" in that her "combination of impairments cause[d] significant limitations in [her] ability to perform basic work activities[.]"  (R. at 18.)  The ALJ proceeded to adequately discuss those impairments, both severe and non-severe.  (R. at 17-20.)

Critically, the ALJ specifically stated that the mental impairments of "anxiety and depression" considered "singly and in combination" do not cause more than minimal limitation in the plaintiff's ability to work.  And, although that statement was made as a part of the severity analysis, it indisputably points to the entire consideration of those impairments at every relevant step.  Even more dispositively, the ALJ, with respect to the Residual Functional Capacity assessment, returned to these limitations and expressly concluded that the plaintiff's "alleged Miniere's disease, depression, and anxiety" warranted "no related limitations."  (R. at 24.)

It literally cannot be said, as claimed, that such impairments were not considered in combination at every step, except to call the ALJ untruthful.

And, these kinds of "in combination" comments are not remarks in boilerplate, as

7

accused. They are tied to specific impairments and integrated among the whole of them, at each step. The limits of language do not allow more. Certainly the ALJs rely significantly on repeated verbiage of art. But, this is a commonly made, if not strange, argument of claimants, to accuse these legal "regulars," so to speak, of insincerity. In every single disability determination the ALJ makes a formulaic statement, which tracks the requirements of the analytical framework. It is a conclusion. Notwithstanding this canned set of statements, the ALJ also includes, nearly every time, a description of the plaintiff's testimony and then reasons why other evidence of record does or does not support it. Sometimes the analysis comes before the boilerplate remarks and sometimes after it, here at pages 7 and 9 of the ALJ decision. (R. at 21, 24.) As the Court regularly reminds, as a matter of prose, it is essentially impossible to do both simultaneously – conclude and explain your conclusion. As a syntactical necessity, the ALJ must separate his decision into narrative paragraphs, which must all be read together. Headings do not matter. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (finding that an ALJ must discuss and evaluate evidence supporting step three finding, but need not do so under a particular heading). The mere presence of phrasings that are plagiarized from decision to decision, and conclusory in their terms, does not taint an otherwise effective and thorough analysis.

The ALJ devoted significant attention to discussing all the impairments plaintiff allegedly suffered, some she never even alleged contributed to her disability, including her mental impairments. (R. at 17-20, 227.) The ALJ's assessment of her other non-severe impairments reflects similar thoroughness and consideration. (R. at 18-19.) Thus, the ALJ expressed a specific, well articulated finding regarding the combined effects of the plaintiff's impairments. There is no error.

**CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 3, 2015
Greenville, South Carolina